# SMITH *v.* THE DISTRICT OF COLUMBIA.

DESTRUCTION OF PUBLIC PROPERTY; AQUEDUCT BRIDGE, INJURY TO; MALICE, PRESUMPTION OF.

1. In an information presented in the Police Court by the District of Columbia charging the defendant with violating the act of Congress of July 29, 1892, for the preservation of the public peace and protection of public property in the District, by tearing up of the foot-walk of Aqueduct bridge, it is not necessary to allege that the act was done without the consent of the District Commissioners.
2. Under the District of Columbia appropriation act of Congress of March 3, 1893, all of the bridges of the District, except the Aqueduct bridge across Rock Creek, are under the control of the Commissioners of the District, and the Secretary of War has no right to grant permission to a street railway company to lay tracks on the Aqueduct bridge across the Potomac river.
3. The fact that a person charged with a violation of the act of Congress of July 29, 1892, by tearing up a foot-walk of the Aqueduct bridge, acted in obedience to the orders of the street railway company employing him, and under a belief that such employer had a license to use the bridge for railway purposes, is no defence.

No. 741. Submitted December 7, 1897. Decided December 16, 1897.

IN ERROR to the Police Court of the District of Columbia. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Arthur A. Birney* for the plaintiff in error.

*Mr. S. T. Thomas,* Attorney for the District of Columbia, and *Mr. A. B. Duvall,* Assistant Attorney, for the defendant in error.

Mr. Justice SHEPARD delivered the opinion of the Court:

This case is here by virtue of the grant of a writ of error to the Police Court of the District. The plaintiff in error, Charles Smith, was an employee of the Washington, Arling-

12 Ct. App.—4

ton and Falls Church Railway Company, as foreman of a force of laborers, and was arrested while engaged in tearing up the "foot-walk" of the Aqueduct bridge, across the Potomac river, on the night of September 8, 1897. The purpose of the removal of the "foot-walk," as it then existed, was to lay the track of the said corporation on the said · bridge and into the city of Washington.

The information presented against said Smith charged "that he did then and there break, injure and destroy the foot-walk of said bridge, the same being public property, without the consent of the Commissioners of the District of Columbia, having control of said property, contrary to and in violation of an act of Congress entitled 'An act for the preservation of the public peace and the protection of property within the District of Columbia, approved July 29, 1892.'"

The defendant was tried thereunder, found guilty and adjudged to pay a fine of twenty dollars, or else remain in jail for sixty days.

The statute, the title of which is set out above, contains an enumeration of a great many acts that are forbidden in the District of Columbia, such as are usually within the regulation of municipal corporations, and the commission of which is punished by fine.

The first section of the act (27 Stat. 322) makes it unlawful to injure, destroy, etc., any public or private property, and is quite comprehensive in its terms for the protection of the public buildings, monuments, and so forth. · Section 15 (Id. p. 325) provides a penalty of a fine not to exceed fifty dollars for the conviction of any one who, among other things, shall injure any bridge in the District of Columbia. The prosecution, from the wording of the information, was probably intended to operate under section one; but that is immaterial, as it would lie thereunder although more directly covered by the words of section 15. The penalty is the same under each. The allegation that the act was done without the consent of the Commissioners of the District was

not necessary to make the offence complete, and may be regarded as mere surplusage.    It is true that some such acts of apparent injury to public property, under the control of the Commissioners, might be relieved of criminality by their consent or license; but that would be matter of defence strictly.

An attempt was made to show that the Secretary of War had given permission to the railway company to lay its tracks upon the bridge, but without success.    Such licenses as had been given by the Secretary of War, from time to time, had relation only to the grounds of Arlington and Fort Myer, and were limited to the approach to the bridge on the south or Virginia side.    Had there been such license for the occupation of the bridge, it is not perceived how it could have given the right, because by a provision of the District of Columbia appropriation act (approved March 3, 1893), all of the bridges in the District, except the Aqueduct bridge over Rock Creek, were placed under the control of the Commissioners of the District.    27 Stat., 544.

The charter of the railway company gave it no right to enter upon the bridge.    On the contrary, it was expressly authorized to build a bridge of its own at a point above the Aqueduct bridge.    It seems also that an unsuccessful effort had been made to procure the passage of a bill by Congress permitting it to widen and occupy a part of the Aqueduct bridge.

The chief contention of the plaintiff in error is presented by his third assignment, in the following words : "The court erred in denying the motion to discharge the defendant, at the close of the evidence for the District, and in holding in substance that it was immaterial that it appeared that the act of the defendant in removing the piece of flooring of the bridge was done under the direction of his employer, under a claim of right in such employer, and was not done wantonly, maliciously or mischievously, or with intent to destroy public property."

We can not agree to this contention. It enounces a proposition that is wholly untenable. We are not dealing now with a case where the facts show an act done, without trespass or violence, under an honest but mistaken belief in the existence of a clear legal right or title. As we have seen, there was no shadow of foundation for the claim of right to enter upon the bridge and occupy it with the railway track. In entering upon the bridge for that purpose, and removing a part of its floor, the defendant was guilty of a plain and deliberate violation of the law. From this deliberate action, the necessary evil intent, or malice in law, is presumed. *Chapman* v. *United States*, 8 App. D. C. 302, 317. That the defendant acted in obedience to the orders of an employer, and under a belief in the truth of that employer's claim of license or right, can not screen him from the legal consequences of his unlawful act. Were such a principle admitted, there would be an end, practically, to the enforcement of all similar prohibitions of injury to public and private property, through the process of the criminal law. The orders of the managing officers of the corporation would have justified their inclusion in the prosecution. They could have no other effect.

The judgment of the Police Court must be affirmed, with costs. It is so ordered.                    *Affirmed.*